**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES TILSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No.   12-cv-255-CJP[1]** |
| | ) | |
| **JEFFREY S. WALTON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner James Tilson filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2241, challenging the calculation of his sentence.   Tilson contends that he should be given credit on his federal sentence for time he spent in federal custody prior to the imposition of sentence, despite the fact that he was given credit for that time on a state sentence.

## Relevant Facts

The relevant facts are straightforward.   As recounted by Tilson in his petition, he was released from the Tennessee Department of Corrections on parole in November, 2001.   On August 18, 2002, he was arrested and charged by the State of Tennessee with theft and illegal possession of a firearm.   He was also

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).   See, Doc. 20.

1

charged in the Eastern District of Tennessee with being a felon in possession of a firearm.   His state parole was revoked on September 20, 2002.   The new state charges were dismissed,

He pleaded guilty to the federal charge of felon in possession of a firearm and, on June 26, 2003, he was sentenced to 180 months imprisonment.   He was also sentenced to 24 months imprisonment for violation of his supervised release in another case in the same District.   His two federal sentences were to run concurrent with each other and with his state sentence for violation of his state parole.

Tilson was re-paroled by the State of Tennessee on December 10, 2006. He was then transferred from the Tennessee Department of Corrections to the BOP to serve the rest of his federal sentence.

## Analysis

A federal prisoner may challenge the duration, i.e., the calculation, of his sentence in a petition under 28 U.S.C. §2241. **Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994), citing Preiser v. Rodriguez, 93 S. Ct. 1827(1973).**

The BOP's sentence calculation sheet reveals that petitioner's federal sentences began to run on the date he was sentenced, June 26, 2003.   See, Doc. 8, Ex. A, p. 3. Tilson filed a request for administrative remedy in June, 2011, claiming that his federal sentence should have begun to run on August 18, 2002,

the date of his arrest.   In reply, the BOP pointed out his federal sentence could not begin to run before it was imposed, and that he could not be given credit for the period before sentence was imposed because that time had been credited to his state parole violator sentence.   Doc. 8, Ex. B.

A federal sentence cannot begin to run until it is imposed.   ***U.S. v. Walker*, 98 F.3d 944, 945-946 (7th Cir. 1996)**.   So, the fact that his federal sentences were to run concurrently with his state sentence does not, as he claims, require the BOP to calculate his federal sentence from the date of arrest.   Further, Tilson's petition is doomed by 18 U.S.C. §3585(b), which provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence."   **See, *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000)**.

Tilson ignores the fact that he received credit on his state parole violator sentence for the period from his arrest on August 18, 2002, to the date he was sentenced, June 26, 2003.   The Seventh Circuit has repeatedly held that §3585(b) means what it says: time that is credited to a state sentence cannot also be credited to a federal sentence.   ***U.S. v. Aslan*, 644 F.3d 526, 532 (7th Cir. 2011); *Grigsby v. Bledsoe*, 223 Fed. Appx. 486, 488-489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 Fed Appx. 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 Fed. Appx. 541, 542 (7th Cir. 2001)**.

In his reply, Tilson cites ***U.S. v. Smith*, 318 F.Supp. 2d 875(C.D. Cal.**

**2004**).   In that case, however, there was "no allegation or evidence presented that the 18 months at issue have been credited against another sentence."   **Smith, 318 F. Supp. 2d at 878**.   Therefore, **Smith** is not relevant.   In any event, it is a district court case from another district.   It is "not authoritative even within the rendering district."   ***Van Straaten v. Shell Oil Products Co. LLC***, **678 F.3d 486, 490 7th Cir. 2012).**

Tilson also suggests that the sentencing judge intended to give him credit on his federal sentence for all of the time since August 18, 2002, the date of his arrest.   However, it has long been clear that a sentencing judge does not have the authority to award credit for time served; such authority is vested in the Attorney General, acting through the BOP:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

***United States v. Wilson***, **112 S. Ct. 1351, 1355 (1992).**   Further, Tilson filed two motions in his criminal case asking the judge who sentenced him to order the BOP to start his federal sentence on August 18, 2002.   The suggestion that the sentencing judge intended him to receive credit on his federal sentence beginning

4

on August 18, 2002, is belied by the fact that the judge denied his motions.   See, *U.S. v. Tilson*, E.D. Tenn., Case No. 03-008, Docs. 26, 27, 28 & 29.

Tilson suggests in his reply that he was "misled by counsel in misstatement of concurrent sentencing or explination [sic] of plea agreement reached.   All parties involved believed that the concurrence was to begin at arrest."   Doc. 10, p. 4.   This assertion was only belatedly raised in the reply, and petitioner offers no evidence in support.   Notably, Tilson has not raised this claim in the district of conviction.

Tilson's written plea agreement is Doc. 13 in *U.S. v. Tilson*, E.D. Tenn., Case No. 03-008.   The only reference to concurrent sentencing is paragraph 15, which provides that "The Government does not oppose the Defendant's sentence in this case running concurrently with his state sentence."   There is no statement that the federal sentence would begin to run on the date of arrest.

Petitioner's claim that he relied on his attorney's statement that he would get credit on his federal sentence beginning on the date of his arrest is foreclosed by the terms of his written agreement.   Paragraph 20 provides that "The Defendant understands that the Government makes no agreements other than those contained within the Plea Agreement."   Paragraph 21 provides that "The Defendant acknowledges that no threats, or additional promises or representations other than those contained within this agreement have been made to induce the Defendant to plead Guilty."   The last paragraph of the agreement provides that "This document constitutes the entire agreement between the

5

Government and Defendant." In view of these clear statements, Tilson cannot now claim that he relied on a representation that his federal sentence would start to run on the date of his arrest.

The bottom line is that 18 U.S.C. §3585(b) prohibits double credit. Therefore, petitioner cannot receive credit for the period before his federal sentence was imposed (August 18, 2002, to June 25, 2003) because he received credit for that time on his state sentence.

<u>**Conclusion**</u>

For the foregoing reasons, James Tilson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**. The Petition is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:    February 7, 2014.**


<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

6